**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 02-110-JBC**

**LETICIA MANZANO,**                                                     **PETITIONER**

**V.**                     **MEMORANDUM OPINION & ORDER**

**UNITED STATES OF AMERICA,**                                **RESPONDENT.**

\*\*\*\*\*\*\*

Pending before the court is Leticia Manzano's motion to vacate pursuant to 28 U.S.C. § 2255 (R. 94) filed on July 18, 2011. Magistrate Judge Robert E. Wier filed a report and recommendation (R. 105), to which Manzano initially objected (R. 107) and then subsequently petitioned this court to set aside her objection (R. 108) and grant an additional extension of time for research and to appoint a guardian ad litem (R. 109). In his report and recommendation, Magistrate Judge Wier recommends the court dismiss the present action for lack of jurisdiction; however, he notes that the court could construe Manzano's motion as a petition for writ of error *coram nobis* and order briefs to be submitted on that limited issue. The court, having reviewed the record and being otherwise sufficiently advised, will adopt the report and recommendation and deny Manzano's pending motions.

    **I.**     **Standard of Review**

A district judge reviews the report and recommendation of a magistrate judge *de novo*. *See* 28 U.S.C. § 636(b). Because Manzano is proceeding *pro se*,

the court applies a less stringent standard than it would otherwise apply in reviewing the present petition. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court will also take as true and construe in favor of the plaintiff her allegations because she is *pro se*. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

**II.  Background**

On July 31, 2003, this court accepted a plea of guilty from Manzano for use of threats/intimidation to prevent relay of information to law enforcement pursuant to 18 U.S.C. § 1512(b)(3) and entered judgment against her (R. 33). Manzano was provisionally sentenced to a term not to exceed ten years in a suitable facility for care or treatment under the provisions of 18 U.S.C. § 4244(d). *Id*. Manzano timely filed a notice of appeal on August 7, 2003, and on September 14, 2004, the Sixth Circuit affirmed the judgment (R. 50).

The Federal Bureau of Prisons recently informed the court that Manzano completed her provisional sentence on June 10, 2011, due to credit earned for good conduct (R.113). However, Manzano currently remains in custody pursuant to an 18 U.S.C. § 4246 civil commitment filed in the Northern District of Texas (R. 112, 113) The United States agrees that Manzano's provisional sentence has expired and "became the final sentence upon expiration." (R. 112).

On July 18, 2011, Manzano filed a motion to vacate under 28 U.S.C. § 2255, attacking the court's original judgment against her entered in 2003.

According to section 2255 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to motions filed under this section and shall run from the date on which the judgment becomes final. *See* 28 U.S.C. § 2255 (f)(1). Upon initial review, the court perceived Manzano's motion as time-barred (R. 94) and ordered Manzano to submit her response regarding whether there was sufficient basis to toll the limitations period or otherwise render the motion timely (R. 95). Manzano responded (R. 96), to which the United States replied (R. 99), arguing that § 2255 relief is unavailable because Manzano is no longer "in custody" and, therefore, that the court lacks jurisdiction to entertain her motion. Magistrate Judge Wier in his report and recommendation confirmed that this court lacks jurisdiction and recommended that this action be dismissed (R. 105). For the following reasons, the court agrees and will adopt the Magistrate's report and recommendation as the opinion of this court.

### III. Jurisdiction

Manzano argues that this court has jurisdiction to hear her attack on her original sentence imposed in 2003. In support, Manzano claims that judgment became final in her case on June 10, 2011, the date on which she completed her provisional sentence, rather than when she was provisionally sentenced in 2003. Therefore, the statute-of-limitations period, according to Manzano, should run from the 2011 date (R. 107 at 2).

As explained in the report and recommendation, the court lacks jurisdiction to entertain Manzano's section 2255 petition because she is no longer "in custody." (R. 105 at 3). Section 2255 requires that the person be "in custody" under the conviction or sentence that she seeks to attack at the time she files her petition for relief. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). When the sentence the prisoner seeks to challenge has fully expired by the time the motion to vacate is filed, then the prisoner is not "in custody" and the court lacks jurisdiction. *Id*. Manzano's provisional sentence expired on June 10, 2011. Although Manzano remains in custody pursuant to an 18 U.S.C. § 4246 civil commitment pending in the United States District Court for the Northern District of Texas, she is not "in custody" pursuant to an order by this court. Therefore, the court cannot entertain her current motion to vacate under section 2255 because she is not "in custody" as required by the statute.

### IV. Writ of Error *Coram Nobis*

In the report and recommendation to the court, Judge Wier notes that a writ of error *coram nobis* may be available where a petitioner is not eligible for section 2255 relief because the sentence has expired, citing *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). This extraordinary writ is available only where the petitioner demonstrates: "(1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Johnson*, 237 F.3d at 755 (citing *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996)). Judge

Wier points out that on the current record it is unlikely Manzano would qualify for *coram nobis* relief because such relief is not available to raise arguments that were or could have been raised on direct appeal (R. 105 at 5)(citing *United States v. Barrow*, 2009 WL 2059154 at *4 (E.D. Mich. Sept. 24, 2009)). The court agrees with Judge Wier's reasoning and declines to order more briefing by the parties on this limited issue.

In her *pro se* writing (R. 107), which the court construes as objections, Manzano raises three challenges to her sentence and conviction under a writ of error *coram nobis* (R. 107 at 3). First, she argues ineffective assistance of counsel, stating, "Defender Pamela Ledgewood, assigned to Defendant never made any kind of attempt to justibly (sic) defend Defendant . . .[s]he is/was an ineffective assistance of counsel." (R. 107 at 4). Manzano initially raised this claim in her 2255 habeas petition (R. 94 at 5), explaining that her attorney "is not on my side" and "hasn't done anything to help me be released or not convicted." Manzano has failed to demonstrate in either her original habeas petition or her objections to the report and recommendation how her claim meets the requirements of *Johnson*. She offers no evidence or facts in support of her claim that were unknown to her at the time of trial. Therefore, the court will decline to issue the extraordinary writ on this claim.

Additionally, in arguing for the writ to apply, Manzano argues there was an error of material fact regarding her psychological evaluations at the time of trial, explaining that she has been falsely diagnosed as a paranoid schizophrenic (R. 107

at 4-7). Specifically, she objects to the psychological evaluation filed by Dr. Gutierrez and Dr. Buigas, claiming that they relied on a previous diagnosis of schizophrenia and did not make their own opinions or findings (R. 107 at 6). Manzano fails to cite any evidence in support of her argument that this was truly an error of fact, other than her own opinion, to merit the extraordinary writ of *coram nobis*.

Finally, Manzano argues that her rights have been violated because she has been subjected to cruel and unusual punishment in violation of her Eighth Amendment protection in being subjected to "total lock-down" in the mental unit and deprived access to "sunshine, fresh air, exercise . . . law library." (R. 105 at 9). As explained in *Johnson*, the "extraordinary writ" addresses an error "of the most fundamental character . . .of the proceedings themselves." 237 F.3d. at 755. Her argument concerns her obvious objection and displeasure with her provisional sentence and subsequent confinement for mental health treatment, not an argument of fundamental error at the time of trial, which the writ was designed to address.

After filing her objections to the Magistrate's report and recommendation, Manzano filed two additional motions: a motion asking the court to set aside her objections (R. 108) and an emergency motion for law library time and an additional thirty-day extension of time to reply, including a request for an appointment of a guardian ad litem (R. 109). As discussed above, her arguments are not errors of fact that the writ of *coram nobis* is designed to address. Thus, further research

and briefing on the merits would offer no additional insight into her arguments. Accordingly, the Court will deny both of her motions.

### V. Conclusion

**IT IS ORDERED** that Manzano's motion to vacate pursuant to 28 U.S.C. § 2255 (R. 94) is **DISMISSED** and the report and recommendation (R. 105) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that Manzano's construed motion to set aside the objections to report and recommendation (R. 108) and motion for emergency court order for law library time and for extension of time to file response as to report and recommendation, including a request for appointment of guardian ad litem (R. 109) are **DENIED**.

A separate judgment will issue.

Signed on November 22, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY